# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
JOHN C ROGERS § Case No. 13-23369
MARA ROGERS §
§
§
Debtors §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/05/2013 . The undersigned trustee was appointed on 06/05/2013 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of    $    33,639.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 2,015.44 |
   | Bank service fees | 365.31 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 2,560.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]   $ | 28,698.25 |

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 10/21/2014 and the deadline for filing governmental claims was 10/21/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,857.90. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 3,857.90, for a total compensation of $ 3,857.90 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00, and now requests reimbursement for expenses of $ 0.00, for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/29/2016        By: /s/Frances Gecker
                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: | 13-23369 | DLT | Judge: | Deborah L. Thorne | Trustee Name: | Frances Gecker |
|---|---|---|---|---|---|---|
| Case Name: | JOHN C ROGERS | | | | Date Filed (f) or Converted (c): | 06/05/2013 (f) |
| | MARA ROGERS | | | | 341(a) Meeting Date: | 07/26/2013 |
| For Period Ending: | 03/29/2016 | | | | Claims Bar Date: | 10/21/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. LOCATION: 10946 SETTLERS POND COURT, FRANKFORT IL | 220,000.00 | 0.00 | | 0.00 | FA |
| 2. CASH ON HAND | 100.00 | 0.00 | | 0.00 | FA |
| 3. CHECKING ACCOUNT WITH BMO HARRIS BANK | 2,820.00 | 0.00 | | 0.00 | FA |
| 4. CHECKING ACCOUNT WITH STANDARD BANK | 120.00 | 0.00 | | 0.00 | FA |
| 5. SAVINGS ACCOUNT WITH STANDARD BANK | 100.00 | 0.00 | | 0.00 | FA |
| 6. HOUSEHOLD GOODS AND FURNITURE INCLUDING A LEASED H | 2,000.00 | 0.00 | | 0.00 | FA |
| 7. USUAL AND ORDINARY WEARING APPAREL | 200.00 | 0.00 | | 0.00 | FA |
| 8. TERM LIFE INSURANCE | 0.00 | 0.00 | | 0.00 | FA |
| 9. EMPLOYMENT AGREEMENT WITH RELSTAB & CO., P. C. | 0.00 | 0.00 | | 0.00 | FA |
| 10. 2005 CADILLAC DEVILLE | 5,100.00 | 0.00 | | 0.00 | FA |
| 11. 500 SHARES OF ROBERTS ROAD (u) | 42,000.00 | 31,079.00 | | 33,639.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| | | | | |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $272,440.00 | $31,079.00 | | $33,639.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

THE TRUSTEE HAS SUBMITTED A FINAL REPORT TO THE UST FOR REVIEW.

Initial Projected Date of Final Report (TFR): 06/01/2015          Current Projected Date of Final Report (TFR): 03/04/2016

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 13-23369 | Trustee Name: Frances Gecker |
| Case Name: JOHN C ROGERS | Bank Name: Associated Bank |
| MARA ROGERS | Account Number/CD#: XXXXXX1970 |
| | Checking |
| Taxpayer ID No: XX-XXX1257 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 03/29/2016 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/08/15 | | Transfer from Acct # xxxxxx7600 | Transfer of Funds | 9999-000 | $28,717.12 | | $28,717.12 |
| 02/15/16 | 5001 | ADAMS-LEVINE<br>370 LEXINGTON AVENUE, SUITE 1101<br>NEW YORK, NEW YORK  10017 | BLANKET BOND NO. 10BSBGR6291 | 2300-000 | | $18.87 | $28,698.25 |

| | | |
|---|---|---|
| COLUMN TOTALS | $28,717.12 | $18.87 |
| Less: Bank Transfers/CD's | $28,717.12 | $0.00 |
| Subtotal | $0.00 | $18.87 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $18.87 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*    Page Subtotals:    $28,717.12    $18.87

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 13-23369
Case Name: JOHN C ROGERS
MARA ROGERS
Taxpayer ID No: XX-XXX1257
For Period Ending: 03/29/2016

Trustee Name: Frances Gecker
Bank Name: The Bank of New York Mellon
Account Number/CD#: XXXXXX7600
Checking Account (Non-Interest Earn
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/11/14 | 11 | JAMES RELSTAB CASHIER'S CHECK | Purchased Shares | 1223-000 | $33,639.00 | | $33,639.00 |
| 08/07/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $29.03 | $33,609.97 |
| 09/08/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $49.96 | $33,560.01 |
| 10/07/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $48.29 | $33,511.72 |
| 11/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $49.82 | $33,461.90 |
| 12/05/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $48.14 | $33,413.76 |
| 01/08/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $49.67 | $33,364.09 |
| 01/23/15 | 10000 | JOHN C. ROGERS AND MARA ROGERS 381 MARIGOLD CIRCLE MATTESON, IL 60443 | Debtors' Exemption | 8100-002 | | $2,560.00 | $30,804.09 |
| 02/06/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $49.11 | $30,754.98 |
| 02/10/15 | 10001 | ARTHUR B. LEVINE COMPANY Attn: Maria Sponza 60 East 42nd Street, Room 965 New York, NY 10165 | Bond No. 10BSBGR6291 | 2300-000 | | $17.57 | $30,737.41 |
| 03/06/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $41.29 | $30,696.12 |
| 03/27/15 | 10002 | ILLINOIS DEPARTMENT OF REVENUE P.O. Box 19053 Springfield, IL 62794-9053 | 2014 Form IL-1041; FEIN 38-7071257 | 2820-000 | | $1,979.00 | $28,717.12 |
| 07/08/15 | | Transfer to Acct # xxxxxx1970 | Transfer of Funds | 9999-000 | | $28,717.12 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*   Page Subtotals:   $33,639.00   $33,639.00

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $33,639.00 | $33,639.00 |
| Less: Bank Transfers/CD's | $0.00 | $28,717.12 |
| Subtotal | $33,639.00 | $4,921.88 |
| Less: Payments to Debtors | $0.00 | $2,560.00 |
| Net | $33,639.00 | $2,361.88 |

Exhibit B

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX1970 - Checking | $0.00 | $18.87 | $28,698.25 |
| XXXXXX7600 - Checking Account (Non-Interest Earn | $33,639.00 | $2,361.88 | $0.00 |
| | $33,639.00 | $2,380.75 | $28,698.25 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $33,639.00 |
| Total Gross Receipts: | $33,639.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:13-23369-ERW
Debtor Name: JOHN C ROGERS
Claims Bar Date: 10/21/2014

Date: March 29, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 3410 | ALAN D. LASKO & ASSOCIATES P. C. 205 W. Randolph Street Suite 1150 Chicago, IL 60606 | Administrative | | $0.00 | $1,440.20 | $1,440.20 |
| 100 3420 | ALAN D. LASKO & ASSOCIATES P. C. 205 W. Randolph Street Suite 1150 Chicago, IL 60606 | Administrative | | $0.00 | $15.52 | $15.52 |
| 100 2700 | CLERK OF THE U. S. BANKRUPTCY COURT CLERK OF THE U.S. BANKRUPTCY COURT 219 S. DEARBORN STREET, 7TH FL. CHICAGO, ILLINOIS 60604 | Administrative | Deferred Fee To Reopen Case in 2014 | $0.00 | $260.00 | $260.00 |
| 100 3110 | FRANKGECKER LLP 325 N. LaSalle Street Suite 625 Chicago, IL 60654 | Administrative | | $0.00 | $6,205.00 | $6,205.00 |
| 100 3120 | FRANKGECKER LLP 325 N. LaSalle Street Suite 625 Chicago, IL 60654 | Administrative | | $0.00 | $47.68 | $47.68 |
| 100 2100 | Frances Gecker 325 N. LaSalle Street Chicago, IL 60654 | Administrative | | $0.00 | $3,857.90 | $3,857.90 |
| 99 8100 | Mara Rogers John C. Rogers | Administrative | | $0.00 | $2,560.00 | $2,560.00 |
| 2 280 5800 | ILLINOIS DEPARTMENT OF REVENUE BANKRUPTCY SECTION P.O. BOX 64338 CHICAGO, IL 60664-0338 | Priority | | $0.00 | $9,132.18 | $9,132.18 |
| 1 300 7100 | QUANTUM3 GROUP LLC AS AGENT FOR COMENITY BANK PO BOX 788 KIRKLAND, WA 98083-0788 | Unsecured | | $0.00 | $301.57 | $301.57 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:13-23369-ERW  
Debtor Name: JOHN C ROGERS  
Claims Bar Date: 10/21/2014  
Date: March 29, 2016

| Code# | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 2U 300 7100 | ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY SECTION<br>P.O. BOX 64338<br>CHICAGO, IL 60664-0338 | Unsecured | Interest | $0.00 | $1,158.90 | $1,158.90 |
| 3 300 7100 | WELLS FARGO BANK<br>WELLS FARGO BANK, N.A.<br>BUSINESS DIRECT DIVISION<br>P.O. BOX 29482<br>PHOENIX, AZ 85038-8650 | Unsecured | | $0.00 | $35,410.48 | $35,410.48 |
| 4 300 7100 | CAPITAL ONE NA<br>CAPITAL ONE, N.A.<br>C O BECKET AND LEE LLP<br>POB 3001<br>MALVERN, PA 19355-0701 | Unsecured | | $0.00 | $301.15 | $301.15 |
| 5 300 7100 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>SUCCESSOR TO CAPITAL ONE, N.A. (GENERAL<br>POB 41067<br>NORFOLK, VA 23541 | Unsecured | | $0.00 | $10,621.79 | $10,621.79 |
| | Case Totals | | | $0.00 | $71,312.37 | $71,312.37 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-23369
Case Name: JOHN C ROGERS
            MARA ROGERS
Trustee Name: Frances Gecker

Balance on hand $ 28,698.25

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ 3,857.90 | $ 0.00 | $ 3,857.90 |
| Attorney for Trustee Fees: FRANKGECKER LLP | $ 6,205.00 | $ 0.00 | $ 6,205.00 |
| Attorney for Trustee Expenses: FRANKGECKER LLP | $ 47.68 | $ 0.00 | $ 47.68 |
| Accountant for Trustee Fees: ALAN D. LASKO & ASSOCIATES P. C. | $ 1,440.20 | $ 0.00 | $ 1,440.20 |
| Accountant for Trustee Expenses: ALAN D. LASKO & ASSOCIATES P. C. | $ 15.52 | $ 0.00 | $ 15.52 |
| Charges: CLERK OF THE U. S. BANKRUPTCY COURT | $ 260.00 | $ 0.00 | $ 260.00 |

Total to be paid for chapter 7 administrative expenses    $   11,826.30

Remaining Balance    $   16,871.95

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 9,132.18 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | ILLINOIS DEPARTMENT OF REVENUE | $ 9,132.18 | $ 0.00 | $ 9,132.18 |
| | Total to be paid to priority creditors | | | $ 9,132.18 |
| | Remaining Balance | | | $ 7,739.77 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 47,793.89 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 16.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | QUANTUM3 GROUP LLC AS AGENT FOR | $ 301.57 | $ 0.00 | $ 48.84 |
| 2U | ILLINOIS DEPARTMENT OF REVENUE | $ 1,158.90 | $ 0.00 | $ 187.67 |
| 3 | WELLS FARGO BANK | $ 35,410.48 | $ 0.00 | $ 5,734.39 |
| 4 | CAPITAL ONE NA | $ 301.15 | $ 0.00 | $ 48.77 |
| 5 | PORTFOLIO RECOVERY ASSOCIATES, LLC | $ 10,621.79 | $ 0.00 | $ 1,720.10 |

| | | |
|---|---|---|
| Total to be paid to timely general unsecured creditors | $ | 7,739.77 |
| Remaining Balance | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE