IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) No. 13-23369 |
| | ) |
| JOHN C. ROGERS and MARA ROGERS, | ) Chapter 7 |
| | ) |
| | ) Honorable Deborah L. Thorne |
| Debtors. | ) |
| | ) Hearing Date: May 4, 2016 |
| | ) Hearing Time: 10:00 a.m. |
| | ) Room No.:   613 |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

| | |
|---|---|
| Name of Applicant: | FrankGecker, LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, Chapter 7 Trustee of the Estate of JOHN C. ROGERS and MARA ROGERS |
| Period for Which Compensation is Sought: | June 1, 2014 through February 29, 2016 |
| Amount of Fees Sought: | $   6,205.00 |
| Amount of Expense Reimbursement Sought: | $   47.68 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{ROGERSJ/001/00044298.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 13-23369 |
| | ) | |
| JOHN C. ROGERS and MARA ROGERS, | ) ) ) | Chapter 7 |
| | ) | Honorable Deborah L. Thorne |
| Debtors. | ) ) | |
| | ) | **Hearing Date:** May 4, 2016 |
| | ) | **Hearing Time:** 10:00 a.m. |
| | ) | **Room No.:** 613 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **May 4, 2016**, at **10:00 a.m.**, we shall appear before the Deborah L. Thorne, or such other judge as may be sitting in her stead, in Courtroom 613 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of JOHN C. ROGERS and MARA ROGERS, for Compensation and Reimbursement of Expenses.**

Dated: March 29, 2016

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
JOHN C. ROGERS and MARA ROGERS

By: /s/   *Micah R. Krohn*
One of Her Attorneys

Micah R. Krohn (ARDC 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com

{ROGERSJ/001/00044298.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 13-23369 |
| | ) | |
| JOHN C. ROGERS and MARA ROGERS, | ) ) ) | Chapter 7 |
| | ) | Honorable Deborah L. Thorne |
| Debtors. | ) | |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE
BANKRUPTCY ESTATE OF JOHN C. ROGERS AND MARA ROGERS
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of JOHN C. ROGERS and MARA ROGERS, (the "Debtor"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) for legal services performed and expenses incurred during the period of June 1, 2014 through February 29, 2016 (the "Application Period"), as counsel to the Trustee. In support of the Application, FrankGecker LLP respectfully represents as follows:

## BACKGROUND

1. On June 5, 2013 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Frances Gecker ("Trustee") is the duly appointed and qualified Chapter 7 Trustee of the case.

3. Debtors appeared telephonically due to health reasons, at their Section 341 meeting on August 23, 2013.

{ROGERSJ/001/00044298.DOC/}  2

4. The Trustee filed a No Asset Report on August 26, 2013 (the "No Asset Report") and the bankruptcy case was closed on November 12, 2013 and the Trustee was discharged.

5. On June 11, 2014, the Court entered an Order reopening the Case.

6. The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case. On June 24, 2014, this Court entered an order authorizing the Trustee to retain FG and Mr. Zielinski as her counsel retroactive to June 1, 2014.

7. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

8. One of the assets of this case consisted of 500 shares of Roberts Road Management Co. Inc. ("Shares" or "Undisclosed Asset").

9. With the assistance of FG, the Trustee sold Debtor's 50% interest of the Shares to Debtor's former partner, James Relstab for $33,639.00.

10. This Application seeks allowance of all fees and expenses incurred by FG from June 1, 2014 through February 29, 2016. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I.   **SERVICES PERFORMED**

    A.    **Administration**        **$1,632.50**

FG spent **5.90** hours at a cost of **$1,632.50** on issues relating to the administration of the bankruptcy case including drafting, filing and appearing in court on trustee's motion to reopen the Case; and communications with trustee's accountant regarding tax issues.

    B.    **Retention of Professionals/Fee Applications**    **$1,735.00**

FG spent **8.20** hours at a cost of **$1,735.00** on issues relating to drafting, filing and appearing in court on Trustee's motions to employ counsel and accountant; Within this matter, FG spent 2.80 hours reviewing time and billing invoices and preparing this final fee application at a cost of $490.00, which is approximately one percent (1%) of the fees sought in this final fee application.

    C.    **Sale of Assets**    **$2,837.50**

FG spent **7.80** hours at a cost of **$2,837.50** on issues relating to the sale of Debtor's 500 Shares of Stock of Roberts Road Management Co. Inc. to Debtor's former partner, James Relstab. The net proceeds from the sale of Debtor's partnership interests was $33,639.00.

II.   **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

    A.    Zane L. Zielinski (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

B.  Christina S. Smith (CSS) is a bankruptcy paralegal at FrankGecker. Ms. Smith assisted counsel in case research and case administration.

C.  Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. Mr. Matlock is a graduate of the University of Oklahoma. Mr. Matlock has over twenty-five years of bankruptcy experience working on debtor, creditor and trustee representations.

## II.  CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from June 1, 2014 through and including February 29, 2016. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331. Because of the limited funds in this case, FG has written off all time with regards to motions to employ and drafting of fee applications.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of **21.90 hours** providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$6,205.00** for actual, necessary legal services performed (Exhibit A). The average hourly rate is **$283.33**. In addition, FG has expended the sum of **$47.68** for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached **Exhibit A**. For purposes of this Application, counsel has used categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.    Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$6,205.00**;

{ROGERSJ/001/00044298.DOC/}                                6

B. Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of **$47.68**; and

C. Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of **$6,252.68**.

Dated: March 29, 2016                              Respectfully submitted,

                                            FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of JOHN C. ROGERS and MARA ROGERS,

By:   /s/    *Micah R. Krohn*
               One of Her Attorneys

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com